ANNIE E. STONE, ADMINISTRATRIX *vs.* OSCAR ROGER.

Androscoggin County.    Decided March 5, 1931.    As the plaintiff's intestate, on the evening of November 21, 1929, attempted to cross Sabattus Street in Lewiston, near its intersection with Ash Street and Central Avenue, he was struck by the automobile driven by the defendant and died in a few hours without conscious suffering. This action by his personal representative is brought under R. S. (1916), Chap. 92, Sec. 9, for the benefit of his two grandchildren. The verdict below for the plaintiff, with damages assessed at $500, is here on a general motion.

At the intersection, slowing down to allow a car coming in from Central Avenue to cross in front of him, the defendant, then with unobstructed view and a clear road, drove on practically in the middle of Sabattus Street, running down the decedent as he crossed from the corner of Central Avenue. Sabattus Street at this point is forty-five feet wide. By his own admissions, the defendant did not see the decedent. Had he been watching the street ahead and operating his car with reasonable care under the circumstances, the defendant had ample opportunity to avoid the accident. He was clearly negligent.

Nor can it be said as a matter of law that the decedent was guilty of contributory negligence. In this class of cases, the person for whose death an action of damages is brought is presumed to have been in the exercise of due care at the time of his injury and contributory negligence is a defense to be pleaded and proved by the defendant. R. S. (1916), Chap. 87, Sec. 48. Upon the facts here shown, a finding by the jury that no negligence on the part of the decedent contributed as a proximate cause to his death can not be disturbed.

Nor are the damages excessive. The decedent's expectancy of life, his probable future earnings or receipts, and his relations with his grandchildren, point to their pecuniary injury to the amount of the award. Motion overruled. *Berman & Berman*, for plaintiff. *Frank A. Morey*, for defendant.